IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MARYLAND

Tiffany Chabot
PO Box 675
Walkersville, MD 21793
    Plaintiff,

v.

Midland Funding LLC
AKA Midland Credit Management
1550 Peachtree Street, NW
Atlanta, GA 30309
    Defendant,

CSC Lawyers Incorporating Service
7 St. Paul Street, Suite 1660
Baltimore, MD 21202
    Resident Agent for the Defendant

Civil Action No:

CCB 13 CV 1847

## COMPLAINT

Now Comes the Plaintiff Tiffany Chabot, Pro Se seeks civil action against Midland Funding LLC AKA Midland Credit Management for violations of the Fair Credit Reporting Act (FCRA) 15 U.S.C §1681, et seq. and the Fair Debt Collections Act, 15 U.S.C. § 1692, et seq. ("FDCPA"),

## JURISDICTION and VENUE

1. This action arises out of Defendant's repeated violations of the Fair Debt Collections Act, 15 U.S.C. § 1692, et seq. ("FDCPA"), and the invasions of the Plaintiff's personal privacy by the Defendants and their agents in their illegal efforts to collect a consumer debt.

2. This action arises out of the Defendants repeated violations of the Fair Credit Reporting Act, 15 U.S.C .§ 1681, et seq. ("FRCA")

3. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b), in that the Defendants transact business here and substantial portion of the acts giving rise to this action occurred here.

4. Any claims under state law brought by the Plaintiff are proper under the doctrine of supplemental jurisdiction pursuant to 28 U.S.C. § 1367

5. Declaratory relief is available pursuant to 28 U.S.C. § 2201 and §2202.

**PARTIES**

6. Plaintiff, Tiffany Chabot, prose is an adult individual who resides in the state of Maryland, and is a "consumer" as defined by 15 U.S.C. §1692a(3), and who's mailing address is PO Box 675, Walkersville, Maryland 21701.

7. Defendant Midland Funding LLC AKA Midland Credit Management an San Diego corporation with a business address of 8875 Aero Drive, San Diego, CA 92123 operating as a collection agency, and is a "debt collector" as the term is defined by 15 U.S.C. §1692 a(6). The Defendant Midland Funding LLC AKA Midland Credit Management has a resident agent: CSC Lawyers Incorporating Service 7 St. Paul Street, Suite 1660 Baltimore, MD 21202.

8. The names of the individual collectors or other agencies are unknown but they will be added by amendment when determined through discovery.

## STATEMENT OF FACTS

9 .Plaintiff allegedly incurred a financial obligations that was primarily for family, personal or household purposes, and which meets the definition of a "debt" under 15 U.S.C. §1962a(5).

10. The debt was subsequently charged off by the original creditors.

11. Midland Funding LLC AKA Midland Credit Management then began to collect the debt along with multiple other collection agencies at once including the original creditors.

12. Midland Funding LLC AKA Midland Credit Management reported the accounts to the credit bureaus. See Exhibit (A),( B), (C )

13. Ms. Chabot received a copy of her credit reports showing multiple accounts on her credit reports from the defendant.

14. Ms. Chabot then sent a letter to the defendant a letter of validation.

15. Midland Funding LLC AKA Midland Credit Management did not respond to the plaintiff's letter of validation.

16. The plaintiff then notified the credit bureaus that the defendants had not validated the debt and asked it to be removed.

17. The plaintiff also sent a letter to the defendant after the validation period was over to remove the debt.

18. Trans Union deleted the two accounts on 4/08/2012 and the third on 4/30/2012 on Ms. Chabot's credit reports due to the Defendants could not validate the debt to them either. See Exhibit (C), (D)

19. Subsequently The defendant re inserted the accounts on the plaintiff's account less than a month afterwards. See Exhibit (E)

20. In addition adding another account a duplicating another. See Exhibit (E).

21. They have reported information on the so said accounts incorrectly including trying to re age the debts.

22. Midland Funding LLC AKA Midland Credit Management continues to report Plaintiff's account to the consumer credit reporting agencies (hereafter "CRA").

23. Midland Funding LLC AKA Midland Credit Management has intentionally and maliciously reported accounts to the CRA after failing to establish validation of the debts.

24. Plaintiff's credit reports, credit worthiness, and credit scores have been negatively impacted by the inaccurate reporting by Midland Funding LLC AKA Midland Credit Management.

25. Midland Funding LLC AKA Midland Credit Management has a policy to" park" its accounts on at least one of the Plaintiff's credit reports. This industry-specific term refers to keeping a false balance (or false accounts) on the credit report so that the consumer will be forced to pay off the balance in order to obtain refinancing, qualify for a loan, or increase the consumers credit scores from the artificially lowered scores which are directly resulted from Midland Funding LLC AKA Midland Credit Management intentional and malicious conduct.

26. In the context of "parking" an account, Midland Funding LLC AKA Midland Credit Management had an obligation and a duty under federal and state law to accurately report the balance, date of last activity, and be able to validate the accounts and it is willfully and maliciously refused to do so.

27. Plaintiff sent multiple letters to the CRAs. Despite receiving the dispute letter the credit bureaus continue to publish the debt on the Plaintiff's credit report.

## COUNT I

## VIOLATIONS OF THE FAIR CREDIT REPORTING ACT 15 U.S.C. § 1681, et seq and THE FAIR DEBT COLLECTION PRACTICES ACT 15 U.S.C § 1692 (e) BY THE DEFENDANTS

28. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated.

29. Midland Funding LLC AKA Midland Credit Management conducted violated 15 U.S.C §1692e(2) in that Midland Funding LLC AKA Midland Credit Management misrepresented the character, amount, validation, legal status, and duplicated accounts.

30. Midland Funding LLC AKA Midland Credit Management's conduct violated 15 U.S.C § 1692e(2) in that Midland Funding LLC AKA Midland Credit Management misrepresented the character, amount and legal status of the debt at the very least.

31. Midland Funding LLC AKA Midland Credit Management's conduct violated 15 U.S.C § 1692e(10) in that Midland Funding LLC AKA Midland Credit Management employed false and deceptive means to collect a debt.

32. Midland Funding LLC AKA Midland Credit Management's conduct violated the 15 U.S.C § 1692(f)(1) in that Midland Funding LLC AKA Midland Credit Management attempted to collect an amount not authorized by the agreement creating the Debt.

33. Midland Funding LLC AKA Midland Credit Management's conduct violated 15 U.S.C §1692g(b) in that Midland Funding LLC AKA Midland Credit Management continued collection efforts even though the Debt had not been validated. See FTC opinion letter from LeFevre.

34. Midland Funding LLC AKA Midland Credit Management's conduct violated § 632 of the FCRA, and 15 U.S.C. § 1681s-2, 605 by re aging the debt.

35. Midland Funding LLC AKA Midland Credit Management's conduct violated the FDCPA by reporting the accounts to the Plaintiff's consumer report when they were not entitled to collect See _Gearing v. Check Brokerage Corp.,_ 233 F.3d 469 (7th Circuit 2000).

36. Midland Funding LLC AKA Midland Credit Management's conduct violated the FDCPA by furnishing duplicate accounts to the Plaintiff's consumer report.

37. The Defendants willfully and/or negligently failed to full fill their duties under the FCRA by reporting information with actual knowledge of errors, reporting information after notice and confirmation of errors, failing to update and/or correct previously reported information determined to be inaccurate or incomplete, failing to provide notice of dispute, and failing to provide notice of a closed account in violation of 15 U.S.C § 1681(s-2).

38. The Defendants' acts or omissions resulted in defaming the Plaintiff by publishing to third parties false information regarding Plaintiff's creditworthiness.

39. The Defendants' acts or omissions resulted in the invasion of the Plaintiff's privacy.

40. The foregoing acts and omissions were undertaken by the Defendants willfully, intentionally, and knowingly as part of their routine credit reporting and/or credit furnishing business and in gross disregard of the rights of the Plaintiff.

41. The foregoing acts and omissions of Defendants constitute numerous and multiple violations of the FCRA, 15 U.S.C. § 1681, et seq.

42. As a result of the above violations of the FCRA, Defendants are liable to the Plaintiff for a declaratory judgment that the Defendants' conduct violated the FCRA, and the Plaintiff's actual damages, statutory damages, and costs under the FCRA.

## COUNT II

## VIOLATIONS OF MARYLAND CONSUMER DEBT COLLECTION ACT MD. CODE COMM. LAW § 14-201

43. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated.

44. The Defendants are each individually a "collector" as defined under MD. Code Comm. Law § 14-201(b)

45. The debt is a "consumer transaction" as defined under MD. Comm. Law § 14-201(c).

46. The Defendants disclosed or threatened to disclose information affecting the Plaintiff's reputation for creditworthiness, in violation of MD. Code Comm. Law § 14-202(3).

47. The Plaintiff is entitled to damages to proximately caused by the Defendants' violations.

## COUNT III

## INVASION OF PRIVACY

48. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated.

49. The Defendants' conduct, as described herein, constitutes an invasion of the Plaintiff's privacy in that it intrudes into the Plaintiff's private life, published private facts regarding Plaintiff, and places the Plaintiff in a false light in the eyes of those to whom the publications are made.

50. Defendants' actions were done maliciously, without privilege, and with a willful intent to injure Plaintiff.

## COUNT IV

## DEFAMATION

51. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated.

52. Defendants published false information about the Plaintiff by one or more of the CRAs either a false account or balance.

53. Each time the Plaintiff's credit report was accessed, a new publication occurred, which was the result intended by Defendants.

54. The publication and defamations were done maliciously, without privilege, and with a willful intent to injure the Plaintiff.

## COUNT V

## PUNITIVE DAMAGES

55. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated.

56. The Plaintiff has the right to seek punitive damages against the defendant Midland Funding LLC AKA Midland Credit Management.

57. The plaintiff have suffered emotional distress having to go through the mess that the defendant Midland Funding LLC AKA Midland Credit Management has caused including but not limited to new credit, and Maryland home buying program for people with disabilities. The defendant's blatant violations and misconduct were defamations were done maliciously, without privilege, and with a willful intent to injure the Plaintiff.

58. Plaintiff seeks punitive damages under 15 U.S.C § 1681n, a plaintiff need not prove actual damages but may recover punitive and statutory damages as well as costs and fees if a defendant willfully violates the FCRA. A "willful violation" is either an intentional violation or a violation committed by an agency in reckless disregard of its duties under the FCRA.

## CONCLUSION

The Plaintiff Ms. Chabot is a pro se litigant who has tried to comply with all the rules and procedures of the court. The Plaintiff has enough proof to state a claim on which relief may be granted. "A claim has facial plausibility when the Plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged" <u>Corp. v. Twombly,</u> 500 U.S. at 555 2007). The court must view the complaint in the light to the plaintiff and take the plaintiff's allegations as true. <u>See Randall v. United States,</u> 30F.3d 518,522 (4th Cir.1994). The Fourth Circuit requires district courts to construe pro se complaints liberally to ensure that valid claims do not fail for the lack of legal specificity. <u>Gordon v. Leeke,</u> 574F.2d 1147, 1151 (4th Cir. 1978) . The Plaintiff reserves the right to file a motion to leave to amend the complaint, file additional exhibits, add defendants.

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff seeks judgment in the Plaintiff's favor and damages against the Defendants, based on the following requested relief:

1. Actual damages pursuant to 15 U.S.C § 1692k(a)(1)
2. Statutory damages of $ 1000.00 per violation per credit report pursuant to 15 U.S.C § 1692k(a)(2)(A)
3. Punitive damages pursuant to 15 U.S.C § 1681n
4. Costs including reasonable attorney fees pursuant to 15 U.S.C § 1692k(a)(3) against Midland Funding LLC AKA Midland Credit Management if so needed.

5. Actual damages from the defendants for all suffered as a result of the intentional, reckless, and negligence of invasions of privacy in an amount to be determined at trial for the Plaintiff; and

6. Such other and further relief as may be necessary, just and proper

**TRIAL BY JURY DEMANDED ON ALL ACCOUNTS**

Respectfully Submitted,

*Tiffany Chabot 6/21/13*

Tiffany Chabot, Pro Se

PO Box 675

Walkersville, Maryland 21793

Telephone: (301) 908-6687

Tiffanychabot28@gmail.com